IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SNAP-ON INCORPORATED, | ) <br> ) <br> ) **Case No.:** |
| Plaintiff, | ) |
| v. | ) <br> ) **JURY TRIAL DEMANDED** |
| HARBOR FREIGHT TOOLS USA, INC. | ) <br> ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Snap-on Incorporated ("Snap-on"), for its complaint against Defendant, Harbor Freight Tools USA, Inc. ("Harbor Freight"), states as follows:

### NATURE OF ACTION

This is an action for: (a) infringement of US Design Patent No. D730,612, pursuant to the US Patent Act, 35 USC § 101, *et. seq.*; (b) trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. §1125(a); (c) unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125; and (d) common law unfair competition, stemming from Harbor Freight's using, selling, having sold, offering to sell, making, having made, and/or importing or having imported into the United States, certain garage floor jack products.

### PARTIES

1. Plaintiff, Snap-on, is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at 2801 80th Street, Kenosha, Wisconsin.

2. Defendant, Harbor Freight, is a corporation organized and existing under the laws of the State of Delaware, and has a principal place of business at 26541 Agoura Road, Calabasas, California.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant 28 U.S.C. §§1331 and 1338(a), in that this matter arises under an Act of Congress relating to patents and the Lanham Act. This Court also has supplemental jurisdiction of the claim arising under common law pursuant to 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Harbor Freight pursuant to Wis. Stat. §801.05, because Harbor Freight has a place of business(es) located within this district, has committed the acts complained of herein in this district, and/or transacts business within this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400, in that Harbor Freight (a) has regular and established places of business within this district, and (b) engaged in one or more acts complained of herein within this district, including, *inter alia*, infringement within this district by selling and/or offering to sell products that directly, or contributorily infringe or induce others to infringe, the claim of U.S. Patent no. D730,612 (the '612 Patent).

## FACTS

6. Snap-on is a well-known designer, marketer, and seller of high-quality, high-end tools, garage accessories, and other equipment.

7. Purchasers, customers and end-users purchase and use Snap-on's products because of Snap-on's service, reputation and good will, and the high quality and reliability of the products Snap-on designs and sells.

8. Snap-on sells and offers for sale garage floor jacks, including Snap-on's FJ200 (2-ton rated) and FJ300 (3-ton rated) floor jacks (collectively "Snap-on's Jacks"). (Attached as Exhibit A are representative photos of Snap-on's Floor Jacks, compared to the '612 Patent).

9. Purchasers, customers, and end-users associate the shape, appearance, and non-functional features of Snap-on's Jacks with Snap-on, including its reputation and good will.

10. Harbor Freight manufacturers, has manufactured, sells, offers for sale, and/or imports or has imported into the United States, garage floor jacks, including, but not limited to, the *Daytona 3 Ton Super Duty Floor Jack (DJ3000)* (bearing sku 63183) (collectively "Harbor Freight's Jacks"). (Attached as Exhibit B are representative photos of Harbor Freight's Jacks, compared to the '612 Patent; attached as Exhibit C is a Harbor Freight sale brochure marketing Harbor Freight's Jacks).

11. On information and belief, Harbor Freight first sold or offered for sale Harbor Freight's Jacks, within this district and elsewhere, in late August 2016.

12. Harbor Freight sells and offers to sell Harbor Freight's Jacks and other products on its website, which is available to and targets purchasers, customers, and end-users, within this district and elsewhere. (See Harbor Freight website, http://www.harborfreight.com/3-ton-daytona-professional-steel-floor-jack-super-duty-63183.html (printout attached as Exhibit D)).

13. On Harbor Freight's website, Harbor Freight states it has "700+ Stores Nationwide." (See Id.).

14. According to Harbor Freight's website, Harbor Freight has at least three retail stores located in this district, including in or around Milwaukee, Wisconsin, and/or Racine, Wisconsin. (See Harbor Freight website, http://www.harborfreight.com/storelocator/location/map?zipcode_input=Milwaukee,%20WI,%20United%20States (print-out attached as Exhibit E)).

15. Harbor Freight's Jacks are substantially identical in shape and appearance to Snap-on's Jacks. (See e.g. Exhibit H, showing side-by-side comparisons of Harbor Freight's Jacks to Snap-on's Jacks).

28870591v.4

16. Purchasers, customers, and/or end-users have been confused as to the source and/or origin of Harbor Freight's Jack, and/or Snap-on's approval of or affiliation with Harbor Freight and/or Harbor Freight's Jack.

17. For example, and without limitation, some purchasers, customers, and/or end-users confusingly and/or mistakenly believe that Snap-on's Jacks and Harbor Freights Jack are the same, including having the same design, are manufactured by the same manufacturer, utilize the same components, and/or are built of the same quality. (See e.g., Exhibit F showing customer and end-user confusion).

## COUNT I
### (Patent Infringement)

18. Snap-on restates and realleges the allegations in Paragraphs 1-17, as if fully set forth herein.

19. Snap-on is the owner, by assignment, of all rights, title and interest in and to the '612 Patent, entitled FLOOR JACK, which was duly issued by the United States Patent and Trademark Office on May 26, 2015. ('612 Patent attached as Exhibit G).

20. Snap-on's Jacks incorporate the invention(s) claimed in the '612 Patent. (See e.g., Exhibit A).

21. Harbor Freight's Jacks embody the design patented in the '612 Patent, or, at a minimum, a colorable imitation thereof. (See e.g., Exhibit C).

22. An ordinary observer, familiar with the prior art, would be, and has been, deceived into believing Harbor Freight's Jacks are the same as the design patented in the '612 Patent. (See e.g., Exhibit F).

23. Without permission or license from Snap-on, Harbor Freight uses, manufactures, has manufactured, sells, offers for sale, and/or imports or has imported into the United States,

within this judicial district and elsewhere, products, including, *inter alia*, Harbor Freight's Jacks, that directly infringe, contributorily infringe, and/or induce others to infringe, the claim of the '612 Patent, in violation of 35 U.S.C. § 271.

24. Harbor Freight has notice of its infringement as prescribed by 35 U.S.C. § 287(a).

25. Harbor Freight's infringement has been, and continues to be, willful.

26. Harbor Freights' infringement of the '612 Patent has caused, and continues to cause, irreparable injury to Snap-on, and unless and until Harbor Freight's infringement of the '612 Patent is enjoined by this Court, Snap-on will continue to suffer irreparable injury because of Harbor Freight's infringement. Snap-on has no adequate remedy at law.

### COUNT II
### (Trade Dress Infringement Under Section 43 of the Lanham Act)

27. Snap-on restates and realleges the allegations in Paragraphs 1-17, as if fully set forth herein.

28. The appearance of Snap-on's Jacks includes nonfunctional features that have acquired distinctiveness in the marketplace, and that identify the product and its source to customers, potential customers, purchases and end-users as being from Snap-on.

29. Snap-on has built and acquired good will associated with the appearance and non-functional features of Snap-on's Jacks.

30. The appearance of Snap-on's Jacks constitutes protectable trade dress pursuant to Section 43(a) of the Lanham Act.

31. Harbor Freight's Jacks misappropriate, use, and appear substantially identical to, the appearance and non-functional features of Snap-on's Jacks. (See e.g., Exhibit H).

32. Harbor Freight's marketing, sale, and/or offering for sale, of the Harbor Freight Jacks, within this district and elsewhere, which incorporate and/or use the distinctive features

-5-
28870591v.4

Case 2:16-cv-01265-LA   Filed 09/21/16   Page 5 of 10   Document 1

and appearance of Snap-on's Jacks, constitutes a use in commerce of false designation of origin, and/or false or misleading descriptions or representations, that are likely to cause, and have caused, purchasers, customers, and/or end-users, confusion and mistake, and/or to deceive purchasers, customers and/or end-users, as to the source or origin of Harbor Freight's Jacks and/or the affiliation, connection, and/or association of Harbor Freight with Snap-on, and/or the origin, sponsorship, and/or approval, of Harbor Freight's Jacks by Snap-on.

33. Harbor Freight's actions cause Harbor Freight to infringe Snap-on's trade dress rights, and the good will associated therewith, in violation of Section 43 of the Lanham Act, 15 USC §1125(a).

34. Harbor Freight's acts are, and continue to be, willful, and are undertaken with the intent to misappropriate, and have misappropriated, the good will and reputation associated with Snap-on and Snap-on's Jacks.

35. Harbor Freights' actions have caused, and continued to cause, irreparable injury to Snap-on, and unless and until Harbor Freight's actions are enjoined by this Court, Snap-on will continue to suffer irreparable injury because of Harbor Freight's actions. Snap-on has no adequate remedy at law.

## COUNT III
### (Federal Unfair Competition and False Designation)

36. Snap-on restates and realleges the allegations in Paragraphs 1-35, as if fully set forth herein.

37. The appearance of Snap-on's Jacks includes nonfunctional features that have acquired distinctiveness in the marketplace, and that identify the product and its source to customers, potential customers, purchasers, and end-users as being from Snap-on.

-6-
28870591v.4

Case 2:16-cv-01265-LA   Filed 09/21/16   Page 6 of 10   Document 1

38. Snap-on has built and acquired good will associated with the appearance and non-functional features of Snap-on's Jacks.

39. Harbor Freight's Jacks misappropriate, use, and appear substantially identical to, the appearance and non-functional features of Snap-on's Jacks. (See e.g., Exhibit H)

40. Harbor Freight's marketing, sale, and/or offering for sale, of the Harbor Freight Jacks, which incorporate and/or use the distinctive features and appearance of Snap-on's Jacks, constitutes a use in commerce of false designation of origin and/or false or misleading descriptions or representations, that are likely to cause, and have caused, purchasers, customers, and/or end-users, confusion and mistake, and/or to deceive purchasers, customers, and/or end-users as to the source and/or origin of Harbor Freight's Jacks, and/or the affiliation, connection, and/or association of Harbor Freight with Snap-on, and/or the origin, sponsorship, or approval of Harbor Freight's Jacks by Snap-on.

41. Harbor Freight's actions constitute unfair competition and false designation, in violation of Section 43(a) of the Lanham act, 15 USC §1125(a).

42. Harbor Freight's acts are, and continue to be, willful, and are undertaken with the intent to misappropriate, and have misappropriated, the good will and reputation associated with Snap-on and Snap-on's Jacks.

43. Harbor Freights' actions have caused, and continued to cause, irreparable injury to Snap-on, and unless and until Harbor Freight's actions are enjoined by this Court, Snap-on will continue to suffer irreparable injury because of Harbor Freight's actions. Snap-on has no adequate remedy at law.

## COUNT IV
## (Common Law Unfair Competition)

44. Snap-on restates and realleges the allegations in Paragraphs 1-43, as if fully set forth herein.

45. The appearance of Snap-on's Jacks includes nonfunctional features that have acquired distinctiveness in the marketplace, and that identify the product and its source to customers, potential customers, purchasers, and/or end-users as being from Snap-on.

46. Snap-on has built and acquired good will associated with the appearance and non-functional features of Snap-on's Jacks.

47. Harbor Freight's Jacks misappropriate, use, and appear substantially identical to, the appearance and non-functional features of Snap-on's Jacks. (See e.g. Exhibit H)

48. Harbor Freight's use, marketing, sale, and/or offering for sale, of the Harbor Freight Jacks, which incorporate and/or use the distinctive features and appearance of Snap-on's Jacks, constitutes a use in commerce of false designation of origin and/or false or misleading descriptions or representations that are likely to cause, and have caused, purchasers, customers, and/or end-users, confusion and mistake, and/or to deceive purchasers, customers, and/or end-users as to the source and/or origin of Harbor Freight's Jacks, and/or the affiliation, connection, and/or association of Harbor Freight with Snap-on, and/or the origin, sponsorship, and/or approval of Harbor Freight's Jacks by Snap-on.

49. Harbor Freight's actions constitute common law unfair competition.

50. Harbor Freight's acts are, and continue to be, willful, and are undertaken with the intent to misappropriate, and have misappropriated, the good will and reputation associated with Snap-on and Snap-on's Jacks.

51. Harbor Freights' actions have caused, and continued to cause, irreparable injury to Snap-on, and unless and until Harbor Freight's actions are enjoined by this Court, Snap-on will continue to suffer irreparable injury because of Harbor Freight's actions. Snap-on has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Snap-on prays for an order and judgment in its favor and against Harbor Freight as follows:

a. preliminarily and permanently enjoining Harbor Freight, and its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all persons in active concert or participation with any of them, from using, making, causing to be made, selling, offering to sell, causing to be sold, and/or importing or causing to be imported into the United States, any products that directly infringe, contributorily infringe, or induce others to infringe, the claim of the '612 Patent;

b. preliminarily and permanently enjoining Harbor Freight, and its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, assigns, and attorneys, and any and all persons in active concert or participation with any of them, from using, making, causing to be made, selling, offering to sell, causing to be sold, and/or importing or causing to be imported into the United States, any products that infringe Snap-on's trade dress rights;

c. ordering Harbor Freight to pay to Snap-on the damages that Snap-on has incurred as a result of the acts complained of herein, including, but not limited to, an award to Snap-on of Snap-on's lost profits and/or Harbor Freight's total profits, pursuant to 35 U.S.C. § 289;

d. a finding that Harbor Freight's actions and infringement has been willful, and that any damages award be trebled, pursuant to 35 U.S.C. § 284;

e. ordering Harbor Freight to pay to Snap-on its costs and expenses of this action, and its attorneys' fees, pursuant to 35 U.S.C. § 285, as a result of the acts complained of herein; and

f. awarding Snap-on any other relief that this Court deems just and fit.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Snap-on demands a trial by jury of all issues triable of right by a jury.

Dated: September 21, 2016

Respectfully submitted,

SNAP-ON INCORPORATED

By: /s/ Justin K. Beyer
Justin K. Beyer
Joseph R. Lanser (*admission in ED Wis pending*)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
Tel: 312-460-5000
Fax: 312-460-7000

*Attorneys for Plaintiff, Snap-on Incorporated*